## JOE COLLINS et al. v. STATE.

No. A-6306.  Opinion Filed Nov. 24, 1928.
(271 Pac. 859.)

W. P. Hickok, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiffs in error, hereinafter called the defendants, were convicted in the county court of Dewey county of the crime of having

in their possession and under their control 150 gallons of mash fit for distillation and for the manufacturing of intoxicating liquor, and were each sentenced to confinement in the county jail for a period of 90 days and to pay a fine of $400 and cost. Motion for new trial was filed and overruled, and exceptions duly saved, and the defendants perfected their appeal to this court.

The testimony on behalf of the state tends to show that the officers found the defendants in possession of about 150 gallons of mash fit for distillation and for the manufacturing of whisky, a still, a 5-gallon can of coal oil, and sack of sugar; that the mash was made of bran, sugar, and malt; that the place where they found the defendants with the mash and still was about two miles from any house, out in some woodland, no inclosure, so far as the record discloses.

No testimony was introduced on the part of the defendants. At the close of the testimony of the state, the defendants moved the court to discharge the defendants, for the reason that the evidence on its face is incompetent, irrelevant, and immaterial, and shows to have been procured by officers as trespassers, not under the authority of a search warrant, and for that reason that the evidence of the state, with the limitations thereon placed, is insufficient to support the verdict of guilty in this case, which motion was by the court denied, and defendants duly excepted.

Several errors are assigned by the defendants and urged as grounds for reversal of this case. The testimony in this case shows that the mash and still, and other things testified to by the witnesses, were from a mile and a half to two miles from a house, out on lands not owned or controlled by the defendants; therefore the officers were not trespassers, and had a perfect right, where they saw the defendants committing the

offense, to arrest them without a search warrant or warrant for their arrest.

It is urged by the defendants that the court erred in the procedure used in impaneling the jury. There is no authority cited to support the defendants upon their contention. A careful examination of the record fails to disclose that the defendants were deprived of a fair and impartial trial; no showing is made that any of the jurors who sat in the trial of the case were biased or prejudiced against the defendants. The objection of the defendants is not well taken, and was properly overruled.

It is also urged by the defendants that the demurrer should have been sustained to the information. With this contention we cannot agree. The information is sufficient to charge the offense of possession of mash fit for distillation. The court properly overruled the demurrer. The testimony is sufficient to sustain the judgment. Finding no error in the record, the judgment is affirmed.